COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


JOHN R. HAMER

MEMORANDUM OPINION[*]
v.    Record No. 0401-99-2           PER CURIAM
                                     JUNE 22, 1999
RENATE M. HAMER


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                    Robert G. O'Hara, Jr., Judge

            (Richmond A. Wollstein; Robert C. Elliott,
            II; The Elliott Law Firm, on briefs), for
            appellant.

            (Jacqueline Waymack; Butterworth & Waymack,
            on brief), for appellee.


        John R. Hamer (husband) appeals the final decree of divorce

entered by the circuit court.  On appeal, husband contends that

the trial court erred by (1) invalidating the property settlement

agreement (agreement) signed by husband and Renate M. Hamer (wife)

on January 2, 1996; (2) entering a final decree of divorce with

terms and conditions inconsistent with the provisions of the

parties' agreement; and (3) ruling sua sponte that the agreement

was invalid because the parties did not separate after entering

the agreement.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.


_____

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Issue One

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." Id.

In this instance, however, the record on appeal does not contain all the evidence that was presented to the trial court. The evidence on the validity of the agreement was heard ore tenus by the trial court. The trial court's determination that the contract failed from its inception due to lack of mutuality was based upon its credibility determinations after having seen and heard the parties testify. However, no court reporter was present at the hearing, and there is no record of the testimony given at that hearing, other than the findings set out in the trial court's order dated July 1, 1998.

> Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . . "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the

-

> fact-finders and an appeal should not be
> resolved on the basis of our supposition
> that one set of facts is more probable than
> another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).  While husband relies upon deposition testimony taken after the trial court issued its order invalidating the agreement, that evidence may not be substituted for the ore tenus testimony provided at the hearing and upon which the trial court relied when it made its decision.

Husband also contends that the trial court erred when it found that the parties did not separate on January 2, 1996.  The record is insufficient for us to review this challenge to the trial court's factual determination.  Moreover, when the parties separated and the effect of any reconciliation under the terms of the agreement are both irrelevant in light of the trial court's finding that no binding agreement was formed due to lack of mutuality.

Based upon the record provided to us on appeal, we cannot say that the trial court's finding was reversible error.

### Issue Two

Husband contends that the trial court erred by entering a final decree that contained terms and conditions inconsistent with those of the parties' agreement.  See Code § 20-109(C).  For the reasons stated above, we find no error in the trial court's decision that the parties' agreement was not a binding

-

contract because it lacked mutuality.  Therefore, the trial court was not required to enter a decree conforming to the terms of the agreement.

## Issue Three

Husband contends that it was reversible error for the trial court to invalidate the agreement based upon the fact that the parties did not separate after entering into the agreement, because the argument was not raised by wife.  Because we find no error in the trial court's decision that the agreement was not a binding contract, we need not address this alternative ground for invalidating the agreement.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-